**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

DAVID WALLACE and YOLANDA WALLACE
PLAINTIFFS

V.                                                         CAUSE NO: 3:05-cv-774WS

ALLSTATE INDEMNITY COMPANY;
JOHNNY MIMS INSURANCE AGENCY;
RICK GILLEY; and WILBUR JORDAN                             DEFENDANTS

**ORDER**

Before the court is plaintiffs' motion for remand [docket # 2], as well as motions for extension of time to file a response [docket #s 15, 16] to defendant's opposition to remand [docket # 13]. The motions for extension were filed March 16 and March 24 and are now moot, the response having been filed on April 06, 2006 [docket # 18]. This court denies plaintiffs' motion asking this court to remand this civil action to the Hinds County, Mississippi, Circuit Court, where this lawsuit originated, for the reasons set out below.

**FACTS**

Plaintiffs, David Wallace and Yolanda Wallace, brought suit in Hinds County Circuit Court against Allstate Indemnity Company ("Allstate"), previously Johnny Mims Insurance Agency, Rick Gilley, and Wilbur Jordan. Plaintiffs assert claims of negligence; misrepresentation; bad faith; breach of contract; and, actions constituting gross and willful negligence. The circumstances from which this suit arises began when a fire damaged plaintiffs' private residence on May 18, 2003. The parties agree

1

that plaintiffs had entered into a contract for homeowner's insurance with Allstate. Allstate asserts, however, that its investigation provided grounds for denial of payment under the claim.

Plaintiffs met with a representative of the Johnny Mims Insurance Agency and contracted for homeowner's insurance on January 25, 2002.  Although the complaint identifies Rick Gilley as that representative, defendants have furnished affidavits stating that Gilley was never employed by Johnny Mims Insurance Agency and only had met plaintiffs in his role as an Allstate adjuster after the house fire occurred.  He interviewed plaintiff Yolanda Wallace, inspected the home, and received the initial report as to the fire's origin.  Gilley transferred the claim to Jordan after evidence allegedly suggested the fire had resulted from "human intervention."  Gilley had no further involvement with the claim.  Jordan's investigation conducted thereafter, allegedly revealed multiple material misrepresentations by the plaintiffs.[1]  Allstate then denied payment of the claim, a denial reportedly based upon the facts and misrepresentations discovered during its investigation.

## Jurisdiction

Defendants removed the lawsuit to this court on December 16, 2005, asserting that this court has diversity jurisdiction under Title 28 U.S.C. §1332.[2]  Allstate is an

---

[1] For example, it was determined that, contrary to plaintiffs' assertions, electrical and water service had been disconnected for nonpayment and the home was in foreclosure; Yolanda Wallace's mother claimed to have been in the house all day even though the fire occurred hours before she allegedly left; plaintiffs listed the loss of contents later admitted to have been removed from the home prior to the fire; and, plaintiffs denied debts to creditors other than the mortgage but were found to have multiple debts in collection or delinquency.

[2] Title 28 U.S.C. §1332 grants the district courts original jurisdiction over those civil cases where there is diversity of citizenship and an amount in controversy in excess of $75,000,

Illinois corporation licensed to do business in Mississippi.  Rick Gilley is a Louisiana resident.  Johnny Mims Insurance Agency is a Mississippi corporation, and Wilbur Jordan is a Mississippi resident.  Clearly, since the plaintiffs are Mississippi citizens, the presence of these two defendants would defeat jurisdiction and seemingly require remand.  Defendants, however, assert that these two in-state defendants are improperly joined;  thus, diversity is present.  Plaintiffs dispute this assertion and move for remand.

## Removal and Remand

A defendant seeking to remove a case to federal court bears the burden of establishing that jurisdiction of the district court is proper under the requirements of Title 28 U.S.C. § 1441(a).[3]  Where the presence of an in-state defendant would otherwise defeat diversity jurisdiction under § 1332, the doctrine of improper joinder may provide a narrow exception to this rule of complete diversity.  *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005).  The burden placed on defendants to prove improper joinder is a heavy one, and requires clear and convincing evidence that the non-diverse party may be dismissed, allowing the exercise of federal diversity jurisdiction. *Peters v. Metropolitan Life Ins. Co.*, 164 F. Supp. 2d 830, 833 (S.D. Miss. 2001).  This requires a showing of either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).  All factual allegations, contested

---

exclusive of costs and interest.

[3]Title 28 U.S.C. § 1441(b) requires that a civil action based on diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

issues of substantive fact, and ambiguities in state law must be resolved in favor of the non-removing party.  *Id*. at 834.  The district court need not rule on the merits of the plaintiff's case, but only as to the possibility that he might prevail.  *Id.*

To resolve whether plaintiff has a reasonable basis for recovery under state law, the court first may conduct "a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the defendant."  *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  So, for purposes of determining improper joinder, the court may go beyond the pleadings and consider summary judgement-type evidence.  *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).  If there is any possibility that the plaintiff has stated a cause of action against a non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded.  *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### Analysis

Allstate's argument turns on its assertion that plaintiffs cannot recover against the non-diverse defendants, Johnny Mims Insurance Agency and Wilbur Jordan, for acts taken in their role as the agents of a disclosed principal.  It is settled law in Mississippi that an insurance agent will not be individually liable for simple negligence, but can incur individual liability for conduct constituting gross negligence, malice, or reckless disregard for the rights of the insured.  *Gallagher Bassett Serv., Inc. v. Jeffcoat*, 887 So.2d 777 (Miss. 2004) (reaffirming holding in *Bass v. Calif. Life Ins. Co.*, 581 So.2d 1087, 1090 (Miss. 1991)).

Plaintiff's complaint does not carve out individual acts of these defendants, separate from an agency role for Allstate. Plaintiff has not pleaded specific facts which rise to the level of a heightened tort. The conclusory allegations set forth against these in-state defendants cannot be said to amount to their individual acts of gross negligence, malice, or reckless disregard of the rights of the insured. Therefore, the court finds no reasonable possibility of recovery against these non-diverse defendants and dismisses them from this suit. Plaintiffs' motion for remand is DENIED.

The parties are directed to meet with the assigned Magistrate Judge to obtain a Scheduling Order. This meeting should be scheduled within ten (10) days of the date of this order.

**SO ORDERED,** this the 25th day of September, 2006.

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:04cv730WS